MARIA E. THURSTON *vs.* CHARLES E. THURSTON *et al.*

Argued July 13, 1894. Reversed July 19, 1894.

No. 8903.

## Facts stated.

Where a husband, domiciled with his wife in this state, deserts her, and acquires a residence in another state, by the laws of which he must reside within such state one year before he is permitted to commence an action for divorce, but, after residing there two or three months, he commences such an action by constructive service on the wife, and in his sworn complaint alleges he had resided there one year before the filing of the complaint, which the court finds on the hearing to be true, and thereupon judgment is entered divorcing the parties:

## Jurisdiction of a resident plaintiff in an action for divorce.

*Held,* he being an actual resident of that state when the action was commenced, the judgment is valid, and stands on the same footing as any other judgment procured by false testimony.

## Alimony of nonresident spouse not within the jurisdiction.

*Held,* such judgment determined nothing but that the parties were divorced, and, being *in rem,* is neither *res judicata* nor an estoppel as to the question of alimony, and the wife, remaining domiciled in this state, may maintain an action for alimony to be awarded out of his property in this state, and the fact that the marriage relation is dissolved will not defeat such action.

## Third parties holding husbands property made defendants.

*Held,* further, she may make any person having possession of the said husband's property, or holding the title to the same in trust for him, a party to such action for the purpose of applying the same in payment of the alimony awarded her, and this will be sufficient seizure of the property to enable her to proceed by constructive service against her said husband.

## Waiver of defect of parties defendant.

*Held,* further, if such person goes to trial without objecting to a failure to serve her said husband with summons in the action, he waives such defect of parties defendant.

## Former judgment divorcing the parties, not a bar to suit for alimony.

Where such wife brought an action for divorce and alimony, and the defendants pleaded and proved such judgment of divorce in such other state, *held,* this is not a complete defense, but she may still proceed for the recovery of alimony.

Appeal by plaintiff, Maria E. Thurston, from a judgment of the District Court of Ramsey County, *Hascal R. Brill*, J., entered February 9, 1894, that she was not entitled to any of the relief demanded in her complaint.

Plaintiff commenced this action to obtain a divorce from her husband, the defendant Charles E. Thurston, on the ground of his adultery and cruel and inhuman treatment. She joined as defendants Henry Rothschild and Valentine J. Rothschild, partners in business with her husband, and alleged that in May, 1891, her husband deeded to Henry Rothschild without receiving any consideration therefor, all his real estate in this state, exceeding in value $22,000. That she by persuasion and fraud was induced by her husband aided by Henry Rothschild to join with her husband in the conveyance. That Henry Rothschild still holds the title to the real estate or the proceeds thereof in trust for her husband by some secret contract or understanding. That before the conveyance was made her husband had formed the secret purpose to desert her, obtain a divorce, defraud her out of all alimony and deprive her of her rightful interest in his estate. That both the Rothschilds then knew and aided her husband in the execution of this purpose and obtained the conveyance to Henry in furtherance thereof.

Charles E. Thurston was not personally served with process and did not appear in the action. Henry Rothschild answered that her husband had on February 27, 1893, obtained a divorce from the plaintiff in the Superior Court of Snohomish County, Washington, that he was a resident at that time of that state, and that court acquired jurisdiction and duly made the decree, and that plaintiff is no longer his wife or entitled to judgment of divorce or for alimony or for other relief. The plaintiff by reply denied these allegations. The trial court found that Charles E. Thurston deserted the plaintiff May 19, 1891, but supported her up to April 1, 1893, that he removed from this state and became a resident of Washington in September or October, 1892, and has since resided in that state, that he commenced an action December 10, 1892, and obtained a divorce from plaintiff February 27, 1893, in the Superior Court of Snohomish County in that state on the ground of her cruel and inhuman treatment, he falsely alleging that he had been for more than a year a resident of that state, that plaintiff was served

with process in that action by publication thereof according to the laws of that state. As conclusion of law the trial court held that divorce valid and as a consequence that she could not be. again divorced from him or obtain alimony or other relief. Judgment for defendants was entered on these findings and plaintiff appeals.

*H. J. & A. E. Horn,* for appellant.

This court has already decided that residence of the parties in a divorce case in the state wherein the divorce is granted is necessary to give the court jurisdiction. *State* v. *Armington,* 25 Minn. 29; *Morey* v. *Morey,* 27 Minn. 265. These were cases in which both the plaintiff and defendant were nonresidents of the state in which the divorce was sued for. There is some conflict of authority in cases where one of the parties is a resident or citizen of the state where the suit for divorce is instituted and the other party is a resident or citizen of another state, and has not submitted herself to the jurisdiction of the state which has assumed to grant the divorce. This question was very thoroughly considered and decided in plaintiff's favor by the Supreme Court of Wisconsin in the leading case of *Cook* v. *Cook,* 56 Wis. 195. *People* v. *Baker,* 76 N. Y. 78; *O'Dea* v. *O'Dea,* 101 N. Y. 23; *Doughty* v. *Doughty,* 27 N. J. Eq. 315.

See further upon the general subject *Commonwealth* v. *Blood,* 97 Mass. 538; *Mansfield* v. *McIntyre,* 10 Ohio, 27; *Stilphen* v. *Stilphen,* 58 Me. 508; *Wright* v. *Wright,* 24 Mich. 180; *Hanover* v. *Turner,* 14 Mass. 227; *Prosser* v. *Warner,* 47 Vt. 667; *Colvin* v. *Reed,* 55 Pa. St. 375.

The decree of divorce in the State of Washington was fraudulent and void even under the laws of the State of Washington, which required the plaintiff to have resided in that state one year before bringing his suit. *Hoffman* v. *Hoffman,* 46 N. Y. 30; *State* v. *Armington,* 25 Minn. 29.

And such a decree may be contradicted upon the ground of fraud or lack of jurisdiction. *Hoffman* v. *Hoffman,* 46 N. Y. 30; *Sewall* v. *Sewall,* 122 Mass. 156; *Thompson* v. *Whitman,* 18 Wall. 457; *Mackubin* v. *Smith,* 5 Minn. 367; *Eastman* v. *Linn,* 26 Minn. 215; *Feller* v. *Clark,* 36 Minn. 338.

The plaintiff was entitled to relief against the property of Charles E. Thurston in Minnesota for her alimony and support.

The joinder of Henry Rothschild and Frank W. Rothschild was proper to prevent circuity of action in granting relief as to the property conveyed to them. *Feigley* v. *Feigley*, 7 Md. 537; *Cook* v. *Cook*, 56 Wis. 195; *Tolerton* v. *Willard*, 30 Ohio St. 579.

Fraudulent conveyances for the purpose of hindering, delaying or defrauding the wife out of her claim for alimony or her interest in her husband's property, are within the prohibition of the statute of frauds rendering any conveyances of real estate or interest in lands void, when "made with the intent to hinder, delay or defraud creditors or other persons of their lawful actions," &c., the wife in such case is covered by the term "or other persons." 1878 G. S. ch. 41, § 18; *Feigley* v. *Feigley*, 7 Md. 537.

*Briggs & Countryman*, for respondents.

The prevailing doctrine of the American courts is, that a suit for divorce is a proceeding *in rem*, the status of the plaintiff being the *res;* and that the courts of his domicile have jurisdiction to change his status without regard to the residence of the defendant. Neither personal service of process upon nor appearance by the defendant is a jurisdictional requirement. *Pennoyer* v. *Neff*, 95 U. S. 714; *Ditson* v. *Ditson*, 4 R. I. 87; *Tolen* v. *Tolen*, 2 Blackf. 417; *Burlen* v. *Shannon*, 115 Mass. 438; *People* v. *Baker*, 76 N. Y. 78; *Hubbell* v. *Hubbell*, 3 Wis. 662; *Dutcher* v. *Dutcher*, 39 Wis. 651; *Cook* v. *Cook*, 56 Wis. 195; *People* v. *Dawell*, 25 Mich. 247; *Thompson* v. *Thompson*, 91 Ala. 591; *Gould* v. *Crow*, 57 Mo. 200; *Garner* v. *Garner*, 56 Md. 127; *VanOrsdal* v. *VanOrsdal*, 67 Ia. 35; *Roth* v. *Roth*, 104 Ill. 35; *Gregory* v. *Gregory*, 78 Me. 187; *Cox* v. *Cox*, 19 Ohio St. 502.

Such a decree dissolves the marriage tie for all purposes everywhere. The New York courts and one or two others stand by themselves in holding a contrary opinion. They have done their best to bring a condition of chaos into this branch of American law, but they have not succeeded. But they are wavering, and in a late case, *O'Dea* v. *O'Dea*, 101 N. Y. 23, they almost apologize for their

decision in *People* v. *Baker*, 76 N. Y. 78, and appear to follow it reluctantly and only out of respect to the doctrine of *stare decisis*.

Alimony is merely an incident to a divorce. Where the divorce cannot be granted because the parties are not man and wife there can be no decree for alimony. *Kline* v. *Kline*, 57 Ia. 386; *Ellison* v. *Martin*, 53 Mo. 575; *Kirrigan* v. *Kirrigan*, 15 N. J. Eq. 146; *Yule* v. *Yule*, 10 N. J. Eq. 138; *Perkins* v. *Perkins*, 16 Mich. 162; *Lawson* v. *Shotwell*, 27 Miss. 630; *Ramsden* v. *Ramsden*, 91 N. Y. 281; *Parsons* v. *Parsons*, 9 N. H. 309; *Moon* v. *Baum*, 58 Ind. 194; *Prosser* v. *Warner*, 47 Vt. 667.

If she was not entitled to a personal judgment against Thurston for alimony, as is clearly the case because the court had no personal jurisdiction of him, she could accomplish nothing by attacking the conveyances made by Thurston and herself to these respondents. The result of setting aside those conveyances would be to put the title back in Thurston, which would afford no present relief to appellant.

CANTY, J. The plaintiff brought an action for divorce against her former husband, Charles E. Thurston, and service was had on him personally in the state of Washington, pursuant to 1878 G. S. ch. 62, § 12. He never appeared or answered in the action. She joined in the same action the defendants Henry and Frank W. Rothschild, and alleged in her complaint that they were partners in business with her said husband, and had in their hands property of his invested in the partnership business, and that her said husband was the owner of certain real estate described in the complaint, and that during the month of May, 1891, he contemplated deserting her, and commencing a suit against her for divorce, and procured her, in ignorance thereof, to join with him in deeds of conveyance of said real estate to said Henry Rothschild, pursuant to a fraudulent conspiracy between him and said Henry, whereby it was agreed that said Henry was to hold said real estate for the sole use and benefit of her said husband, for the purpose of depriving her of her interest and rights therein, and of any claim for alimony, support, and maintenance which she might make against her husband; and she prayed that she be granted a divorce, and be awarded the expenses of the suit, temporary and permanent alimony, support and maintenance,

and that the payment of all of the same be enforced against said property and any other property of her husband.

The defendants Henry and Frank W. Rothschild answered separately, and Henry, among other things, answered that on December 10, 1892, said Charles E. Thurston, being then, and for more than one year prior thereto, a *bona fide* resident of the state of Washington, commenced an action for divorce in the superior court of Snohomish county, in that state, and such proceedings were thereupon had that on February 23, 1893, judgment was duly entered in his favor, adjudging that the marriage between him and her be dissolved, and that they be divorced.

On the trial of this action, before the court without a jury, by agreement of the parties and consent of the court, the question whether or not such Washington divorce was valid and binding on her was to be first tried, and thereupon the court was to decide whether or not, in any event, she could maintain this action against the Rothschilds, reserving the other issues to be tried afterwards.

On the evidence then introduced, the court found that plaintiff and defendant Thurston were married in 1869, removed to this state in 1886, and resided here until the fall of 1892, when he removed to the state of Washington, and in a couple of months afterwards, on December 10, 1892, commenced said divorce action, stating in his sworn complaint that he was then a resident of that state, and had been for one year immediately prior thereto; the summons was served on her by publication, and on the hearing that court found the allegations of that complaint to be true, and ordered the judgment which was entered as aforesaid; that the law of Washington requires the plaintiff in a divorce suit to be a resident of, and to have resided in, that state, for one year immediately before filing the complaint in the action; that in fact he had not then resided there one year, but only since September or October, 1892; that in other respects the action was prosecuted according to the law of that state; and that she never was in that state, but remained in this, did not appear in that action, and had no knowledge or actual notice thereof.

Thereupon the court found that that judgment was valid, and divorced the parties, and for that reason she is not entitled to any relief as against the Rothschilds, and ordered judgment against her

in favor of all the defendants. From the judgment entered thereon, plaintiff appeals.

1. The husband, at the time he commenced that action, was actually a resident of Washington, and for that reason we are of the opinion that the judgment was valid, and divorced the parties, though he had then resided there only a couple of months, while the statute of that state required a year's residence. This did not go to the jurisdiction, but the judgment is on the same footing as any other judgment obtained by false testimony. In this respect it is not like the case of *State* v. *Armington*, 25 Minn. 29, where both parties were residents of this state when the pretended action for divorce was commenced elsewhere, and the pretended judgment obtained. See 2 Bish. Mar. & Div. (6th Ed.) § 155, and following sections.

2. The action for divorce in Washington was in the nature of a proceeding *in rem*. It seized nothing but the marriage status. The only reason why the seizure of that was sufficiently complete to give jurisdiction to condemn and destroy it, is because it cannot be severed as to one without being severed as to both; one cannot remain married when the other becomes single. The court took jurisdiction of nothing else but the marriage status. 2 Bish. Mar. & Div. §§ 169, 170. Nothing else was seized. No property was seized or came in question, and the property in this state could not be so seized.

Neither the doctrine of *res judicata* nor estoppel applies to the parties concerned or interested in a proceeding *in rem* only so far as it has regard for the thing seized and condemned by the judgment.

Thus A., claiming the right to the possession of a wagon which B. withholds from him, and finding all of it but the tongue in a state where B. does not reside, brings replevin, and on constructive service on B. obtains judgment for the possession of that part of the wagon. In a subsequent suit between him and B. for the possession of the tongue, B. cannot plead that A. has split his cause of action, and A. cannot plead the adjudication in the first suit. On the contrary, all questions concerning the rights of the parties as to the tongue are *res nova*. See *Plummer* v. *Hatton*, 51 Minn. 181, (53

N. W. 460.)    Such is the case here; nothing is settled except that the marriage bonds are severed.    2 Bish. Mar. & Div. § 169.

It is not the policy of a court of equity, or any other court which has complete jurisdiction of the parties and of the subject-matter, to do justice by halves, or to permit a party to present an entire controversy by piecemeal, when there is no obstacle to its being all presented at once, or to a full and complete determination of the whole controversy in one proceeding.    In such a case it is generally held that when the party thus splits an entire controversy, and prosecutes only a part of it, on the determination thereof the whole is *res judicata*.    But, as we have seen, this doctrine of splitting the cause of action has no application when a part of the controversy is thus disposed of in a proceeding in rem, at least when such proceeding covers all of the *res* within the jurisdiction, and the rest of the *res* is a substantive part of the original controversy.    The claim for alimony in this case is a substantive part of the original controversy.    It is not something which is created by, or merely grew out of, the divorce suit, such as the costs and attorneys' fees incurred in prosecuting that suit.

Alimony is in many states so far a right independent of divorce that, on general equity principles, it is allowed during marriage, and without decreeing either divorce or separation, when the parties are living apart, and there is sufficient ground for decreeing either divorce or separation.    See 2 Bish. Mar. & Div. §§ 354, 355, and cases cited.

The question of alimony is not *res judicata* by reason of the judgment of divorce in the proceeding *in rem*.    Neither does that judgment estop this plaintiff from showing that Thurston had committed acts which entitled her to a divorce and to alimony, and that she had committed no acts which forfeited her right to alimony, or which entitled him to a divorce, if that is material.    That judgment establishes nothing except that the marriage relation has been condemned and destroyed by a judgment of divorce; all other questions are *res nova*.

There are cases, such as *Cook* v. *Cook*, 56 Wis. 195, (14 N. W. 33, 443,) and *Wright* v. *Wright*, 24 Mich. 180, where it is held that in such a case as this a second divorce should be granted in the state

of the wife's domicile, for the purpose of decreeing her, as incidental thereto, alimony and a share of the property. But it seems to us to be illogical to assume jurisdiction for the purpose of killing something which is admitted to be already dead. It seems to us more in accord with sound principles in such a case to allow the plaintiff to proceed for alimony alone, without the useless formula of a second divorce, and such is the doctrine of the cases of *Cox* v. *Cox*, 19 Ohio St. 502, and *Turner* v. *Turner*, 44 Ala. 450. We are of the opinion that the action can be maintained by the wife for the recovery of alimony, though the parties are already thus divorced, at least when there is such an obstacle to her obtaining alimony in the original proceeding as existed in this case.

3. If the property of Thurston in this state is in the possession of the Rothschilds, or the title to it is in the name of one or both of them, obtaining jurisdiction of them is a sufficient seizure of the property by the court to enable it to proceed against the property by constructive service on Thurston.

4. It is urged by the Rothschilds that there is no constructive service as to Thurston; that the service on him was personal service out of the state, under 1878 G. S. ch. 62, § 12, which applies only in divorce cases; and that if this suit can be maintained only for alimony, and not for divorce, there is no service as to Thurston, either actual or constructive, and that he is a necessary party. Conceding this to be true, it amounts at most to a defect of parties defendant by reason of the failure to serve a necessary party, and if the defendants served fail to object before trial, in some proper manner, they waive it.

5. We are also of the opinion that on the pleadings in this action the plaintiff was entitled to proceed for alimony alone. The allegation and proof by the Rothschilds of the Washington divorce constituted only a partial defense to plaintiff's action, and are not a defense to her claim for alimony.

The judgment appealed from should be reversed. So ordered.

BUCK, J., absent, took no part.

(Opinion published 59 N. W. 1017.)