GAGHAGEN et al. v. LEHMER, Ex'r.

No. 23967.    Jan. 29, 1935.

Huser & Huser and E. Huser, for plaintiffs in error.

James C. Wright, for defendant in error.

CORN, J. This is an appeal to review an order of the district court of Okfuskee. county overruling a motion to vacate a default judgment against the defendants upon promissory notes and for the foreclosure of two real estate mortgages on lands located in Seminole and Okfuskee counties.

Said action was filed March 21, 1930. Summonses were regularly issued, and according to the return of the deputy sheriff of Seminole county were served on both of the defendants herein on the 27th day of March, 1930. C. M. Seran and Wm. G. Johnston were also defendants in the lower court, but are not parties to this appeal. Judgment was rendered for the plaintiffs on the 5th day of May, 1930. A part of the judgment is as follows:

"And the court, having examined the process served upon them and each of them, finds that the said Ella Gaghagen and Clarence Gaghagen and each of them were duly served with summons more than 20 days prior to this date, and have each failed and refused to plead, answer, or demur, and are decreed to be in default, and the allegations of the plaintiff's petition taken as confessed by them and each of them."

On January 19, 1932, after several terms of said court had passed, the defendants herein filed their motion to vacate the said judgment for the reason they had not been served with summons according to law. And on January 23, 1932, the said defendants filed their amended motion to vacate said judgment. A part of said amended motion is as. follows:

"These movants further state to the court that, if they are permitted to defend in said action, they will be able to establish certain credits due, on said indebtedness and to reduce the amount of said judgment substantially."

We feel it is not necessary for the purpose of deciding this case to discuss whether the summons in said cause was issued and served according to law, as the amended motion to vacate, filed by the said defendants on the 23rd day of January, 1932, was based on nonjurisdictional as well as jurisdictional grounds, and they thereby entered their general appearance in the case, and for that reason the trial court properly refused to vacate said judgment. The rule is well established by decisions of this court that when a party against whom a default judgment is rendered files a motion to vacate said judgment, the same being based upon nonjurisdictional as well as jurisdictional grounds, said party enters a general appearance as though said appearance had been made at the trial. See Burnett et al. v. Clayton, 123 Okla. 156, 252 P. 397; Myers v. Chamness, 102 Okla. 131, 228 P. 988; Morgan v. Karcher et al., 81 Okla. 210, 197 P. 433; Lookabaugh v. Epperson, 28 Okla. 472, 114 P. 738; and the cases cited therein.

We therefore hold that the order of the trial court in overruling the motion to vacate said judgment should be, and is, affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, WELCH, PHELPS, and GIBSON, JJ., concur. BUSBY, J., absent.