R. T. DANIEL, Jr., Samuel P. Daniel and William H. Daniel, Trustees of the Trust Estate of R. T. Daniel, Sr., Plaintiffs in Error,

v.

Mary Dean DANIEL, Defendant in Error,

First National Bank & Trust Co. in Dallas, a banking corporation, Intervenor.

No. 38480.

Supreme Court of Oklahoma.

Nov. 17, 1959.

Rehearing Denied Dec. 22, 1959.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for plaintiff in error R. T. Daniel, Jr.

Saunders & Saunders, Tulsa, for plaintiffs in error Samuel P. Daniel and William H. Daniel, trustees.

Dickey & Richard, Dennis Bushyhead, Tulsa, for defendant in error.

BERRY, Justice.

In this action defendant in error, Mary Dean Daniel, hereafter referred to as "plaintiff", sought and obtained judgment for temporary maintenance and temporary attorney fees and for alimony and attorney fees against plaintiff in error, R. T. Daniel, Jr., hereafter referred to as "defendant", who at all times in controversy was a resident of Texas. The judgment was held to be a lien on defendant's interest in an Oklahoma trust created under the will of defendant's father, and the trustees of said will, Samuel P. Daniel and William H. Daniel, who were made parties to this action and are also plaintiffs in error, were

directed to pay said judgment out of the unencumbered trust income accruing to the interest of defendant therein. The trustees are residents of Oklahoma.

The defendant bases his contention of error on the trial court's part upon the proposition that because of defects in the proceedings to obtain service on him by publication the trial court did not have jurisdiction of his person or of his interest in the trust; that a temporary restraining order or injunction is not a provisional remedy upon which service of process by publication can be based and that the trial court was without jurisdiction to award alimony to plaintiff because of a final decree of divorce granted to defendant by a Texas court because of plaintiff's fault. Defendant asserts that his original appearance herein was special and constituted a plea to the jurisdiction of the court and for said reason he has preserved his right to raise jurisdictional questions in this court. The trustees in effect join in the contentions made by defendant relative to the trial court's lack of jurisdiction.

Plaintiff counters defendant's contention that the trial court did not have jurisdiction of his person or property with the assertion that the proceedings to obtain service by publication were regular and proper and with the alternative proposition that "defendant by his pleadings and motions filed in the lower court has effectuated his general appearance and is subject to the jurisdiction of the lower court and its order previously entered". The quoted contention is bottomed upon the proposition that in his answer defendant alleged that "1. The court is without jurisdiction of the property of this defendant" and that "9. The petition states no cause of action against this defendant" and that "should the court continue to assert jurisdiction, this defendant alleges that he is wholly without funds or property and that it is inequitable and unjust, even if the court had jurisdiction, by reason of circumstances which will be put in proof and by reason of the nature of the property involved, that the plaintiff is allowed the sum now con-

tained in the order of the court, which order this defendant still maintains is without jurisdiction; and the defendant pleads the inequity of the order as an additional reason, while even if the court had jurisdiction, the order should not continue to exist providing for $750.00 a month during the pendency of this action". The plaintiff also contends that defendant by seeking continuances entered his general appearance.

We are of the opinion that because of the last above quoted allegations of defendant's answer under which he sought to vacate or modify the order for temporary maintenance he must be held to have entered his general appearance. See Taylor v. Enid Nat. Bank, 77 Okl. 74, 186 P. 232; Young v. Campbell, 160 Okl. 265, 16 P.2d 65; Gaghagen v. Lehmer, 170 Okl. 372, 40 P.2d 1046, and cases cited under West's Okl.Dig. Appearance In the syllabus to the last above cited case we said:

"Where a party against whom a judgment is rendered files a motion to vacate the judgment upon the ground that the court has no jurisdiction of the defendant, and said motion is based upon nonjurisdictional as well as jurisdictional grounds, thereby said party enters a general appearance for all purposes as though said appearance had been made at the trial."

We are not persuaded by defendant's argument to the effect that the probative effect of the cited cases was destroyed by our opinion in State ex rel. Gaines v. Beaver, 196 Okl. 560, 166 P.2d 776 and the 1953 amendment to 12 O.S.1951 § 268. 12 O.S.Supp. § 268A. The facts of the last cited case are not comparable to the facts presented by this case and we did not in said case reach a decision at variance with the decisions reached in the first cited cases. We are unable to discern from the language used in the amendment to Sec. 268 in 1953, which amendment is to the effect that all objections to defects that appear on the face of the petition must be raised at

the same time and no waiver results from such objections being joined and that 'a "motion to quash" and a "motion to dismiss" for want of jurisdiction may be joined, an intent on the part of the Legislature to effect a change in the law on the point under consideration. We have pointed out in numerous cases (see cases cited under West's Okl.Dig. Appearance ▉▉▉▉) that whether an appearance is general or special does not depend upon the form of a pleading but upon its substance, and it is here immaterial whether those things that constituted an appearance on defendant's part appeared in the answer or in another pleading or pleadings. The fact that defendant sought affirmative relief is the significant and controlling fact.

▉ In view of the fact that defendant entered his general appearance in this action, it is unnecessary to consider contentions based upon the propositions that the proceeding to obtain service by publication upon defendant was fatally defective and that a restraining order or injunction is not a provisional remedy upon which service by publication can be predicated and for said reason the trial court did not have jurisdiction of his person or property. Commons v. Bragg, 183 Okl. 122, 125, 80 P.2d 287, 291, and cited cases sustain the proposition that in an action for alimony any person having possession of the defendant's property or holding the same in trust for him, may be made a party to the action for the purpose of applying the property in payment of alimony awarded. In Hamil v. Hamil, 106 Okl. 14, 232 P. 823, we stated that the matter of making such a person a party is in fact a sufficient seizure of defendant's property by the court. In the above cited case we quoted with approval from Thurston v. Thurston, 58 Minn. 279, 59 N.W. 1017, 1019, as follows:

"If the property of Thurston in this state is in the possession of the Rothschilds, or the title to it is in the name of one or both of them, (the Rothschilds) obtaining jurisdiction of them is a sufficient seizure of the property by the court to enable it to proceed against the property by constructive service on Thurston."

▉ There remains for consideration defendant's contention to the effect that under the Full Faith and Credit Clause of the Federal Constitution the finding and judgment of the Texas court granting defendant a divorce from plaintiff (which judgment was based on service on plaintiff by publication and in which action plaintiff did not appear) because of the fault of plaintiff, was binding upon the trial court and under the provisions of 12 O.S.1951 § 1278 precluded said court from awarding alimony to plaintiff. This contention does not accord with the opinion of the United States Supreme Court in Vanderbilt v. Vanderbilt, 354 U.S. 416, 77 S. Ct. 1360, 1 L.Ed.2d 1456 and other opinions of said court cited therein. In Meredith v. Meredith, 96 U.S.App.D.C. 355, 226 F. 2d 257, 258, the United States Court of Appeals for the District Court of Columbia rejected the husband's contention that a Texas divorce decree rendered at his instance upon service by publication and in which case his wife did not appear was binding upon the District of Columbia court that granted the wife's action for alimony. In doing so said court said that the Supreme Court of the United States has taught us "that the mere marital status, as such, and the rights of consortium can be dissolved by a court having jurisdiction over the plaintiff spouse, but that personal rights of a financial nature, and the corresponding obligations thereunder, can be adjudicated only by a court having jurisdiction over the defendant. To understand the rules resulting from this series of cases one has only to read the vivid and vigorous dissent of Mr. Justice Jackson in Rice v. Rice. [336 U.S. 674, 69 S.Ct. 751, 93 L.Ed. 957]". See also 27-B, C.J. S. Divorce §§ 374, 378, pp. 867 and 876.

A judgment of a sister state granting only a divorce upon service by publication where the defendant does not appear, has not been considered in this jurisdiction as prohibiting a local court from awarding alimony in an appropriate action. See

Miller v. Miller, 186 Okl. 566, 99 P.2d 515, 517 and cited cases.

The trial court found and held that intervenor, First National Bank & Trust Company in Dallas had a lien on defendant's interest in the trust in a given amount that was superior to the lien of plaintiff arising under the judgment in controversy. No complaint is made of this portion of the judgment.

Affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON and IRWIN, JJ., concur.