UNDREY ENGINE & PUMP CO., a Division of Nortex Engine & Equipment Co., a Co-Partnership with R. Clay Underwood & William D. Reynolds as Co-Partners thereof, Appellee,

v.

EUFAULA ENTERPRISES, INC. and John I. Willhauck, Jr., Appellants.

No. 50041.

Court of Appeals of Oklahoma, Division No. 1.

May 24, 1977.

Released for Publication by Order of Court of Appeals June 16, 1977.

Richard James, Stroud, for appellee.

Stipe, Gossett, Stipe & Harper by Gene Stipe, Robert K. McCune, Oklahoma City, for appellants.

REYNOLDS, Presiding Judge.

This appeal stems from an order of the trial court overruling a motion to vacate a default judgment filed by one of the defendants, John I. Willhauck, Jr. The judgment runs jointly and severally against Eufaula Enterprises, Inc. and John I. Willhauck, Jr. Only the individual defendant appeals the refusal to vacate the default judgment in this appeal. Proceedings against the corporate defendant have been stayed by Chapter X bankruptcy proceedings. The defendant alleges the trial court had no personal jurisdiction over him, stating in his brief "Defendant has never personally performed any act in Oklahoma and therefore the minimum contacts rule regarding out of state service has not been met." Secondly, the defendant argues the court erred in declining to vacate the default judgment because the defendant had a valid defense to plaintiff's cause of action.

The petition alleges the corporate defendant was indebted to the plaintiff, Undrey Engine & Pump Co., for goods, merchandise and service in the amount of $5,959.95 plus 1½% monthly interest after the December 1, 1975 due date. The petition further alleges that the individual defendant, John I. Willhauck, Jr., is an incorporator, officer and director of the corporate defendant, Eufaula Enterprises, Inc.

The shares of corporate stock issued to the individual defendant are alleged to be not paid and the individual defendant allegedly utilized corporate funds for his personal benefit, violating the laws of the State of Oklahoma, depleting the assets of the corporate defendant and rendering himself jointly and severally liable with the corporate defendant for corporate debt sued upon.

The petition was served by certified mail. The individual defendant personally signed for his copy and the corporate defendant was served by serving the Secretary of State because the corporate defendant had no service agent at the time. After passage of the answer date the trial court entered judgment on the plaintiff's petition, finding proper service and the truth of the petition's allegations. Judgment was entered for the principal sum prayed for in addition to an attorney's fee of $1,200.00 and interest.

The defendant Willhauck filed a motion to vacate the default two days short of two months after judgment was entered. In this motion he alleges he has done no act properly subjecting him to service outside Oklahoma under 12 O.S.1971, § 1701.03. Secondly, he states the allegations forming the basis of personal liability of the individual defendant are alleged to be untrue and made in the face of the knowledge of the true facts, and therefore are fraudulent.

 The allegations contained in the petition invoke the joint and several liability of the individual defendant with the corporate defendant under 18 O.S.1971, § 1.175(a) & (b). These allegations are characterized by the motion to vacate as fraudulent and therefore the judgment is alleged to be fraudulently obtained. Fraud in the procurement of a judgment is a non-jurisdictional ground for vacation. In *Shawnee Peanut Co. v. Barkus,* 207 Okl. 104, 247 P.2d 875 (1952), the Supreme Court of Oklahoma noted that by adding allegations of fraud practiced by the successful party in procuring a judgment, the movant submits himself to the jurisdiction of the court by that general appearance. The assertion of non-jurisdictional grounds for the vacation of a judgment in a motion to vacate constitute a general appearance and waive any defects in personal jurisdiction over the defendant. *La Bellman v. Gleason & Sanders,* 418 P.2d 949 (Okl.1966). See also *Gaghagen v. Lehmer,* 170 Okl. 372, 40 P.2d 1046 (1935).

Secondly, the defendant proposes the trial court committed error in failing to vacate the judgment after the defendant demonstrated a valid defense to the cause of action. In the exercise of his sound judicial discretion the trial court may vacate its judgment. 12 O.S.1971, § 1031.1. Thirty days after rendition of a judgment the court may not vacate a judgment except as authorized when the procedure for vacation by motion or petition and summons have been strictly followed. *American Bank of Oklahoma v. Adams, District Judge*, Okl., 514 P.2d 1191, 1193. The non-jurisdictional ground for vacation alleged by the defendant's *motion* falls under Sub-division 4 of 12 O.S.1971, § 1031. Proceedings under Sub-divisions 4 and 7 *must* be by verified petition and summons. Here the defendant proceeded by motion. *Sadberry v. Hope*, 444 P.2d 175 (Okl.1968), held a failure to proceed by petition and summons when required was a fatal error. Under these circumstances the trial court had no discretion to exercise to vacate the judgment more than thirty days after rendition.

AFFIRMED.

BOX and ROMANG, JJ., concur.