No. 49,682

Undrey Engine & Pump Co., *Appellee,* v. Eufaula Enterprises, Inc., and John I. Willhauck, Jr., *Appellants.*

and

No. 49,683

Laffoon Oil Company, *Appellee,* v. Eufaula Enterprises, Inc., and John I. Willhauck, Jr., *Appellants.*

(597 P.2d 246)

Opinion filed July 14, 1979.

*Douglas Lancaster,* of Wagner, Leek & Mullins, of Shawnee Mission, argued the cause, and *Robert M. Modeer,* and *Robert E. Fitzgerald, Jr.,* of Hoskins, King, McGannon, Hahn & Hurwitz, of Kansas City, Missouri, were with him on the brief for the appellant John I. Willhauck, Jr.

*Byron C. Loudon,* of Bouska & Allen, of Overland Park, argued the cause, and *R. Patrick Gilmore,* of the firm of Richard James, P.C., of Stroud, Oklahoma, was with him on the brief for the appellees.

The opinion of the court was delivered by

Miller, J.: These are appeals by the defendant, John I. Willhauck, Jr., from orders of the Johnson District Court, refusing to set aside the registration of two foreign judgments. The principal issue is whether the determination of an Oklahoma court that it had personal jurisdiction over Willhauck is entitled to full faith and credit, and thus is res judicata.

The factual background of these consolidated cases is the same except as to the amount of the judgments ($5,959.95 plus interest, costs, and attorneys' fees in favor of Undrey Engine & Pump Co., and $9,625.82 plus interest, costs, and attorneys' fees in favor of Laffoon Oil Company), so we need recite the facts in one case only. Undrey filed suit in the district court of Lincoln County,

Oklahoma, alleging that Eufaula Enterprises, Inc., a corporation, was indebted to Undrey for goods, merchandise and service, in the amount of $5,959.95, and that Willhauck was an incorporator, officer and director of Eufaula. It alleged that Willhauck's shares of stock in Eufaula were not paid, and that he used corporate funds for his own benefit, violating the laws of Oklahoma, depleting Eufaula's assets, and rendering Willhauck jointly and severally liable with Eufaula for the corporate debt sued upon. The petition was served by certified mail; Willhauck personally signed for his copy. When neither defendant appeared, the Oklahoma trial court entered default judgment against Willhauck, individually, and against Eufaula. Eufaula has since been declared a bankrupt, and it does not appear in the present proceeding.

About 60 days after the default judgment was entered, Willhauck filed a motion to vacate, alleging that the trial court had no jurisdiction of his person since he had done no acts subjecting him to the Oklahoma longarm statute, and that he had a valid defense: the facts alleged in the petition were untrue and fraudulent. After a hearing on the merits, the trial court overruled Willhauck's motion to vacate. Willhauck appealed that order to the Oklahoma Court of Appeals, which affirmed. It held, *inter alia,* that by asserting nonjurisdictional grounds (fraud) in his motion to vacate, Willhauck entered a general appearance under settled Oklahoma law, and thus he waived any defects in personal jurisdiction. *Undrey Engine & Pump v. Eufaula Enterprises,* 569 P.2d 541 (Okla. App. 1977).

Shortly after the affirmance was announced, Undrey filed an authenticated copy of its foreign judgment in the office of the clerk of the district court of Johnson County, Kansas, under the Uniform Enforcement of Foreign Judgments Act, K.S.A. 60-3001 *et seq.* Affidavit was filed and notice was mailed to Willhauck, as required by K.S.A. 60-3003; he then filed a motion for an order setting aside the foreign judgment, contending that the Oklahoma judgment was obtained without due process of law because the Oklahoma trial court lacked *in personam* and subject matter jurisdiction. After the matter was thoroughly briefed, argued, and submitted, the trial court, in a thorough, carefully prepared, and well reasoned memorandum decision, ruled that Willhauck had elected to litigate the issue of jurisdiction in the Oklahoma courts;

that those courts found the existence of facts necessary to support a finding of personal jurisdiction over Willhauck; and that he was precluded from litigating the same issue in Kansas by the doctrine of res judicata. It also ruled that the Oklahoma trial court had subject matter jurisdiction, and that the default judgment cannot now be collaterally attacked. Willhauck appeals.

The first question before us is whether the trial court erred in ruling that the defendant was precluded in Kansas under the doctrine of res judicata from challenging the *in personam* jurisdiction of the Lincoln County, Oklahoma, trial court. In its memorandum decision, the trial court said:

"The movant's challenges to the in personam jurisdiction of the Lincoln County Court, however, cannot be properly entertained in the instant action because the movant has had his day in court and already been adjudged to have been subject to the jurisdiction of the Oklahoma court.  .   .   .

.   .   .   .

"When the movant learned that the Lincoln County District Court had rendered a default judgment against him, he had the option of pursuing at least three different courses of action. First, he could have done nothing until an enforcement action was initiated in the State of Kansas. Under the general rules of law previously enumerated, he then could have challenged the in personam jurisdiction of the Oklahoma court in a Motion to Set Aside Enforcement of a Foreign Judgment. Second, the movant had the option of appealing the default judgment directly to the Oklahoma Court of Appeals. Third, he could have elected to enter an appearance before the Oklahoma District Court for the purpose of challenging the court's jurisdiction in a Motion To Vacate the original default judgment. In the present controversy, the movant selected the third alternative by submitting a Motion To Vacate Default Judgment to the Lincoln County District Court  .  .  .  . Because the Oklahoma District Court, and the Oklahoma Court of Appeals, directly found the existence of facts necessary to impose in personam jurisdiction over the movant, the re-emergence of all issues pertaining to that question is barred in the instant proceeding by the principle of res judicata. Indeed, the movant's only source of relief from these decisions is by way of appeal to the Oklahoma Supreme Court, and if necessary, to the United States Supreme Court."

Perhaps the leading case on the subject is *Baldwin v. Traveling Men's Assn.,* 283 U.S. 522, 75 L.Ed. 1244, 51 S.Ct. 517 (1931). The original action there before the court was commenced in Missouri. Respondent had appeared specially and challenged *in personam* jurisdiction; the trial court, after a full hearing, resolved the issue against him. Later, after time for answer had expired, a default judgment was entered. When a successful party attempted to enforce the Missouri judgment in Iowa, the defendant attempted to raise the issue of jurisdiction again. The United States Supreme Court said:

"Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. We see no reason why this doctrine should not apply in every case where one voluntarily appears, presents his case and is fully heard, and why he should not, in the absence of fraud, be thereafter concluded by the judgment of the tribunal to which he has submitted his cause." (pp. 525-526.)

Later cases following the same rationale include *Davis v. Davis,* 305 U.S. 32, 83 L.Ed. 26, 59 S.Ct. 3 (1938); *Sherrer v. Sherrer,* 334 U.S. 343, 92 L.Ed. 1429, 68 S.Ct. 1087, 1 A.L.R.2d 1355 (1948); *Coe v. Coe,* 334 U.S. 378, 92 L.Ed. 1451, 68 S.Ct. 1094 and 1097, 1 A.L.R.2d 1376 (1948); and *Durfee v. Duke,* 375 U.S. 106, 11 L.Ed.2d 186, 84 S.Ct. 242 (1963). In the latter case, the court said:

"However, while it is established that a court in one State, when asked to give effect to the judgment of a court in another State, may constitutionally inquire into the foreign court's jurisdiction to render that judgment, the modern decisions of this Court have carefully delineated the permissible scope of such an inquiry. From these decisions there emerges the general rule that a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when the second court's inquiry discloses that those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment.

"With respect to questions of jurisdiction over the person, this principle was unambiguously established in *Baldwin v. Iowa State Traveling Men's Assn.,* 283 US 522 . . . .

. . . .

" 'After a party has his day in court, with opportunity to present his evidence and his view of the law, a collateral attack upon the decision as to jurisdiction there rendered merely retries the issue previously determined. There is no reason to expect that the second decision will be more satisfactory than the first.' " (pp. 111-114.)

Defendant Willhauck raised the issue of *in personam* jurisdiction in the Oklahoma trial court. That court decided the issue against him, and determined that it had personal jurisdiction. The Oklahoma Court of Appeals affirmed, finding that by filing his motion, he had entered a general appearance, and that the trial court thus had personal jurisdiction over him. The issue has thus been fairly and fully litigated in the Oklahoma courts; it is not subject to relitigation in the courts of Kansas, but is res judicata. The Oklahoma determination of personal jurisdiction is entitled to full faith and credit. See 47 Am. Jur. 2d, Judgments § 1260, p. 255; 50 C.J.S., Judgments § 893; Restatement (Second) Conflict of Laws § 96, comment b, (1971); Annot., 52 A.L.R. 740; Annot., 104 A.L.R. 1187.

Finally, defendant contends that the trial court erred in determining that the district court of Lincoln County, Oklahoma, had subject matter jurisdiction. The thrust of the arguments advanced in support of this contention is that the original petitions filed in the Oklahoma court did not allege that the cause of action arose in Oklahoma and therefore (1) the Oklahoma longarm statute was inapplicable, and (2) the Oklahoma court would not have subject matter jurisdiction unless the claim arose in Oklahoma.

The invocation of the longarm statute goes to the acquisition of personal jurisdiction over a party, not to subject matter jurisdiction. This line of appellant's argument is but another attempt to attack collaterally the *in personam* jurisdiction of the Oklahoma court. The principal case relied upon by appellant, *Garrett v. Levitz Furniture Corporation,* 356 F. Supp. 283 (N.D. Okla. 1973), is one in which *in personam* jurisdiction—not subject matter jurisdiction—was attacked. The case holds simply that in order to assert *in personam* jurisdiction under the Oklahoma "minimum contacts" statute, the subject matter of the action must arise out of acts done or things located in the state. This interpretation of *Garrett* is born out by subsequent decisions citing it. *George v. Strick Corporation,* 496 F.2d 10, 13 (10th Cir. 1974); *Northwest Animal Hospital, Inc. v. Earnhardt,* 444 F. Supp. 10 (W. D. Okla. 1977).

Willhauck entered his personal appearance in the Oklahoma action by filing his motion, asserting a defense on the merits. Thus whether the prior service of process on him was proper is moot.

The subject matter of the action sounds in contract—plaintiff seeks payment for goods, merchandise and service. Actions on contract are transitory. *Farha v. Signal Companies, Inc.,* 216 Kan. 471, 532 P.2d 1330 (1975); *Roberts v. Cooter,* 184 Kan. 805, 339 P.2d 362 (1959); 20 Am. Jur. 2d, Courts § 126, p. 480; 21 C.J.S., Courts § 41, p. 48. In Oklahoma, as in Kansas, district courts are courts of general jurisdiction. Okla. Stat. Ann. tit. 20, § 91.1 (West 1978 Supp.); Oklahoma Constitution, Art. 7, § 7 (a) (1978 Supp.). A court of general jurisdiction clearly has subject matter jurisdiction to hear and determine a transitory action, where, as here, the parties appear before it.

We find no error.

The judgment is affirmed.