Charles W. GARRETT, Jr., Plaintiff,

v.

**LEVITZ FURNITURE CORPORATION (a Pennsylvania corporation), Defendant.**

No. 72-C-367.

United States District Court, N. D. Oklahoma, Civil Division.

Jan. 8, 1973.

Sam T. Daniel, Jr., Tulsa, Okl., for plaintiff.

Charles C. Baker, Tulsa, Okl., for defendant.

## ORDER

DAUGHERTY, District Judge.

Defendant objects to the jurisdiction in this Court for the reason Defendant is neither doing business in Oklahoma nor otherwise found in the state. Plaintiff contends Defendant is present and doing business in the state in the form of its alter ego, Levitz Furniture Company of Oklahoma, Inc.

If jurisdiction exists in this Court, it must be found in the authority of the pertinent Oklahoma statutes. Perkins v. Benguet Consol. Min. Co., 342 U. S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). Oklahoma has three statutory provisions which provide for jurisdiction for foreign corporations. Two of them, 12 Okl. St.Ann. § 187 and § 1701.03, are "minimal contacts" type statutes and require that the subject matter of the action arise out of acts done or things located in the state. Plaintiff's action is for breach of contract based on Defendant's refusal to honor a stock purchase option exercised by Plaintiff. Plaintiff's Complaint does not allege that any of the operative facts which form the basis of such action occurred in Oklahoma. In briefing the jurisdiction question, Plaintiff makes no claim that any part of his cause of action arose out of any acts by Defendant in Oklahoma. Thus, 12 Okl. St.Ann. § 187 and § 1701.03 are inapplicable.

The third statute, 18 Okl.St.Ann. § 1.204a provides for jurisdiction under both the minimal contacts theory as well as the general doing business test. It provides for jurisdiction of an action accruing "by reason of a foreign corporation doing business in this state". Plaintiff's cause of action did not accrue to him "by reason of" Defendant's doing business in the state, as pointed out above. This statute also provides for jurisdiction of a cause of action accruing "while a foreign corporation was doing business within this state". Defendant states that Levitz Furniture Company of Oklahoma, Inc., its claimed alter ego, did not receive its corporate charter until March 14, 1972 and that it did not commence operations until April 12, 1972. The allegations of Plaintiff's Complaint show that every act of the Defendant claimed to support Plaintiff's cause of

action occurred prior to those dates. Thus, assuming for the purposes of this proceeding that Defendant was doing business in Oklahoma through the alleged alter ego of its subsidiary and thus present for jurisdictional purposes from and after the creation of its subsidiary, it was not present when Plaintiff's cause of action accrued. The statute requires that the foreign corporation be doing business in the state when the cause of action accrues.

Defendant's statement that its subsidiary was not organized until after Plaintiff's cause of action accrued is supported by an affidavit of an officer of Defendant and Plaintiff has failed to present anything to controvert either Defendant's statement or the affidavit in support thereof. Thus, for the purposes of this proceeding, the Court will take the same to be true. In these circumstances, it is clear that this Court is without jurisdiction of Plaintiff's action against the Defendant.

The Special Appearance, Motion to Quash Summons, Objection to Jurisdiction and Motion to Dismiss of Defendant Levitz Furniture Corporation are granted and Plaintiff's action is dismissed without prejudice.