Lois L. GREGORY, Appellant,

v.

W. R. GROVE et al., Appellees.

No. 47989.

Supreme Court of Oklahoma.

Jan. 13, 1976.

As Corrected Feb. 10, 1976.

William S. Dorman, Tulsa, for appellant.

Ungerman, Grabel & Ungerman, Tulsa, for appellees, Taggs and Amalgamated Development Co., Inc.

LAVENDER, Justice:

In a cause of action sounding in both contract (express and implied warranty) and tort (negligent patent search and fraudulent concealment of legal incompetency to conduct patentability searches), and also seeking an injunction, appellant, Lois L. Gregory, as plaintiff, sought long-arm service and In Personam Jurisdiction over corporate appellee, Amalgamated Development Company, Inc., d/b/a Washington Patent Office Search Bureau, and individual appellee, Rick Taggs. Suit filed in Tulsa County by a Tulsa resident. Service on foreign and not domesticated corporation, Amalgamated, was by mail and through the Oklahoma Secretary of State. Service on non-resident Taggs was in Washington, D.C. Another individual defendant, Grove, is not a party to this appeal.

Trial court sustained motions to dismiss for lack of personal jurisdiction over appellees. Court of Appeals reversed and remanded with instruction. We affirm that decision of the Court of Appeals but grant certiorari to modify that court's opinion.

There was a yellow page listing in the Tulsa telephone directory under *"Patent Searchers"* reading:

"Washington Patent Office Research Bureau
Free Forms to Protect Inventions
711 14 NW
Washington DC—202 374–6304"

Plaintiff responded by letter to this listing relating to a shoe patent on December 15, 1971. Cross correspondence with the search bureau extended from that date through November 27, 1972. The search bureau wrote to the plaintiff some ten letters. The letters were signed by the individual defendants as "Managing Director," of the Washington Patent Office Search Bureau, first by Grove and later by Taggs. Plaintiff sent the search bureau fees, executed protection form and patent application, drawings, and other information as requested by the search bureau from time to time. Taggs wrote some five letters commencing May 8, 1972, as managing director in lieu of Grove. He is also alleged to have had a telephone conversation with the plaintiff.

We find, as did the Court of Appeals, sufficient and adequate contacts with the State of Oklahoma through the telephone listing and the correspondence so as to meet the "minimum contacts rule" and due process required by the United States Supreme Court as to the corporate defendant. *Architectural Building Components Corp. v. Comfort,* Okl., 528 P.2d 307 (1974); *Yankee Metal Products Company v. District Court,* Okl., 528 P.2d 311 (1974); *Vacu-Maid, Inc. v. Covington,* C.A.Okl., 530 P.2d 137 (1974); *Fidelity Bank, N.A. v. Standard Industries, Inc.,* Okl., 515 P.2d 219 (1973).

We find sufficient and adequate contacts with the State of Oklahoma through the correspondence written by Taggs as a salaried employee of the corporate defendant for In Personam Jurisdic-

tion as to that individual defendant for his tortious or wrongful acts, if any. *Powder Horn Nursery, Inc. v. Soil and Plant Lab., Inc.,* 20 Ariz.App. 517, 514 P.2d 270, 276 (1973) discusses jurisdiction over individual defendants in their capacity as employees separate and apart from jurisdiction over the corporate defendant. There the individual defendants had signed one or more of the soil analyses sent to the plaintiff. One individual defendant had the personal interview with the plaintiff's representative initiating the relations involved. This was outside the forum state, Arizona. There was no suggestion the salaried employees were responsible for having the soil analysis mailed to the plaintiff in Arizona. That opinion called the contractual objectives of the corporate defendant significantly diluted when considered in relation to the individual defendant. With that dilution the Arizona contacts by the individual defendants were found to be exceedingly weak. The individual defendants were described as "once-removed" from the Arizona contact. Fair play and substantial justice deprived the Arizona court of jurisdiction over those individual defendants.

■ Here the individual defendant Taggs was not removed from the Oklahoma contact. He was directly involved in furnishing Oklahoma contacts of a telephone call and writing some five letters to the plaintiff as managing director of the search bureau. The Oklahoma contacts, even considered diluted by the contractual objectives of the corporate defendant, were still direct and significant. Totality of contacts between the parties in Oklahoma are to be considered in determining the sufficiency to exercise jurisdiction under long-arm service. This may include telephone conversations and letters. *Fidelity Bank, supra.* Fair play and substantial justice do not require denial of jurisdiction. The Oklahoma court has jurisdiction over this individual defendant under the pleading at this stage of the present case.

The opinion of the Court of Appeals is modified as to the individual defendant.

The decision of the Court of Appeals is affirmed as to the corporate and individual defendants; trial court is reversed and cause is remanded with instruction per the Court of Appeals opinion as modified herein.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, BARNES, SIMMS and DOOLIN, JJ., concur.