**NORTHWEST ANIMAL HOSPITAL, INC., an Oklahoma Corporation, and C. Earnest Wyatt, Plaintiffs,**

v.

**Hal J. EARNHARDT, and Gloria Earnhardt, Defendants.**

**No. CIV–77–0112–D.**

United States District Court, W. D. Oklahoma.

April 19, 1977.

---

Deno J. Argentos, Don R. Nicholson, II, Oklahoma City, Okl., for plaintiffs.

Kenneth Coe, Oklahoma City, Okl., Terrance P. Woods, Phoenix, Ariz., for defendants.

## ORDER

DAUGHERTY, Chief Judge.

This is an action seeking damages for alleged misrepresentations made by Defendants for the purpose of inducing Plaintiffs to transfer an airplane to Defendants in exchange for certain real estate in Arizona which Plaintiffs allege had an actual value substantially less than that of the aircraft. It is asserted that this Court has jurisdiction by reason of diversity of citizenship between parties Plaintiff and Defendant and amount in controversy pursuant to 28 U.S.C. § 1332.

The Complaint alleges that Plaintiff Wyatt is a citizen of Oklahoma and Plaintiff Northwest Animal Hospital, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma. Both Defendants are alleged to be citizens of Arizona and Defendant Hal J. Earnhardt is alleged to have acted as the agent of Defendant Gloria Earnhardt. Defendants have filed herein a Motion to Dismiss for lack of jurisdiction over the parties Defendant pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure. Said Motion is supported by a Brief and Plaintiffs have filed a Brief in response to said Motion.

In support of their Motion, Defendants contend that they had insufficient minimum contacts with the State of Oklahoma during the course of the alleged transaction which forms the foundation of Plaintiffs' suit to vest jurisdiction in a Federal District Court sitting within the State of Oklahoma. In their Response, Plaintiffs urge that sufficient bases for the exercise of jurisdiction over the Defendants by this Court do exist.

If jurisdiction exists in this Court, it must be found in the authority of the pertinent Oklahoma statutes. *Perkins v. Benquet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Garrett v. Levitz Furniture Corporation,* 356 F.Supp. 283 (N.D.Okl.1973). 12 Okl.Stat.1971 § 1701.03 provides in pertinent part:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state . . .

(3) causing tortious injury in this state by an act or omission in this state . . ."

 It has been held that the Constitutional test of due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Associates Financial Services of Oklahoma, Inc. v. Kregel,* 550 P.2d 992 (Okl.Cr.1976). The totality of contacts between nonresident defendants and Oklahoma are to be considered in determining the sufficiency to exercise jurisdiction under long-arm service. *Gregory v. Grove,* 547 P.2d 381 (Okl.1976). These contacts may include telephone conversations and letters. *Gregory v. Grove, supra; Fidelity Bank, N.A. v. Standard Industries, Inc.,* 515 P.2d 219 (Okl.1973).

 Fair play and substantial justice do not require the denial of jurisdiction in the instant case. The undisputed facts in this case taken from the affidavits of the parties to the negotiations of the exchange agreement are that after the initial failure of Plaintiffs and Defendants to consummate the exchange agreement during their September 11, 1975, meeting in Phoenix, Arizona, further negotiations between Plaintiffs and Defendants were carried out by telephone until Plaintiff Wyatt's second and final visit to Arizona on October 15, 1975 to close the transaction. During this time period, Defendant Hal J. Earnhardt made his only personal visit to Oklahoma to meet with Plaintiff Wyatt on October 2, 1975. Although the parties disagree as to the overall significance of the Oklahoma meeting in relation to the exchange transaction and over what was actually said at this meeting, it does appear that a discussion of the exchange agreement was the main purpose of said meeting. Therefore, in view of the fact that one of the three personal meetings between Defendant Hal J. Earnhardt and Plaintiff Wyatt occurred in Oklahoma; that part of the negotiations between the parties were carried out by long distance telephone conversations originating in Oklahoma; and that what transpired at the Oklahoma meeting is disputed, the Court is not presently convinced that Defendants neither transacted any business in Oklahoma nor caused tortious injury in Oklahoma by an act or omission in this state. The Court therefore finds and concludes that Defendants' Motion should be overruled without prejudice subject to reconsideration at the trial of this action upon its merits.

Defendants are directed to Answer the Complaint within 15 days of this date.

It is so ordered this 19th day of April, 1977.