**Hoy F. LYON, Plaintiff,**

v.

**Gail G. BONNESON, an Individual, Defendant.**

**No. CIV–76–0087–D.**

United States District Court, W. D. Oklahoma.

May 11, 1977.

---

See also, D.C., 451 F.Supp. 437.

D. Chad Ransdell, John M. Merritt, Oklahoma City, Okl., for plaintiff.

Steven E. Clark, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action to recover damages for personal injuries Plaintiff allegedly received when a defectively designed front-end loader known as a "Uniloader" which was manufactured by J. I. Case Co. (Case) fell on Plaintiff. Defendant is alleged to have sold the design and patent rights to the "Uniloader" to Case and agreed to hold Case harmless from all claims arising out of said design. Plaintiff asserts that subject

matter jurisdiction exists by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Plaintiff alleges that Lyle H. Tufty (Tufty) and James L. Juhl (Juhl) were employees of Universal Manufacturing Co. and designed and patented the "Uniloader"; said patent was assigned to Universal Manufacturing Co. which subsequently sold all rights to said patent to Universal Industries, Inc.; Universal Industries, Inc. then sold the patent to Defendant Bonneson. Defendant Bonneson owned all of the stock in Universal Manufacturing Co. and Universal Industries, Inc. either individually or by a wholly owned corporate entity and was the President and Chairman of the Board of said corporations from the time the "Uniloader" was designed up to the transfer of the patent to Case; Defendant Bonneson subsequently sold the design and patent rights to Case for cash and stock in Case and agreed to hold Case harmless from all claims arising out of the patent design; and Case thereafter manufactured the machine which injured Plaintiff. Plaintiff originally named Juhl, Tufty, Universal Manufacturing Co. and Universal Industries, Inc. in addition to Defendant Bonneson as defendants in this action but all defendants except Bonneson were dismissed by order of this Court on December 8, 1976, due to lack of in personam jurisdiction.

Defendant has filed herein a Motion to Dismiss for lack of in personam jurisdiction pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, and a Motion for Summary Judgment pursuant to Rule 56, *supra.* Said Motions are supported by a Brief and Affidavit and Plaintiff has filed a Brief in opposition to said Motions. The Court will consider Defendant's Motions seriatim.

1. Text of the statute quoted in Defendant's Brief is from 12 Okla.Stat.1971 § 187.

2. 12 Okl.Stat.1971 § 1701.03(a)(4) provides as follows:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

## MOTION TO DISMISS

In support of his Motion to Dismiss, Defendant contends that this Court lacks in personam jurisdiction over Defendant as he never acted or consummated any transactions within Oklahoma; Plaintiff's cause of action did not arise from Defendant's activities within Oklahoma; neither Defendant nor any of his agents were ever in Oklahoma; and that Defendant is not subject to jurisdiction under 12 Okl.Stat. § 1701.-03(a)(4) [1] as he has not done any of the acts listed therein.

In his response Brief, Plaintiff contends that Defendant is subject to the jurisdiction of this Court under 12 Okl.Stat.1971 § 1701.03(a)(4) [2] as Defendant was at all times the sole shareholder and in control of both Universal Manufacturing Co. and Universal Industries, Inc.; Defendant therefore caused the defective design for the loader to be developed and patented by engineers working under his direction and control; and Defendant sold the design to Case knowing it would be incorporated into a finished product with a reasonably foreseeable potential market in Oklahoma. Furthermore, Defendant has derived substantial revenue from the sale of "Uniloaders" manufactured by Case according to said design by reason of the increased value of the Case stock owned by Defendant as a result of Case's manufacture and nationwide sales of "Uniloaders."

If jurisdiction exists in this Court, it must be found in the authority of the pertinent Oklahoma statutes. *Perkins v. Benguet Consolidated Mining Co.,* 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Garrett v. Levitz Furniture Corporation,* 356 F.Supp. 283 (N.D.Okl.1973). The burden is on Plaintiff to plead and prove the existence of jurisdiction when he seeks to invoke the

\*   \*   \*   \*   \*   \*

(4) causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this state; . . . "

jurisdiction of the Court. *Wilshire Oil Company of Texas v. Riffe,* 409 F.2d 1277 (Tenth Cir. 1969).

 It has been held that the Constitutional test of due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Company v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Associates Financial Services of Oklahoma, Inc. v. Kregel,* 550 P.2d 992 (Okl.App.1976). The totality of contacts between nonresident defendants and Oklahoma are to be considered in determining the sufficiency to exercise jurisdiction under long-arm service. *Gregory v. Grove,* 547 P.2d 381 (Okl.1976). However, for the exercise of personal jurisdiction over a nonresident defendant, it is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Company v. Washington, supra.*

In view of the foregoing rules of law, it is apparent that this Court must determine whether Defendant has had sufficient contacts with the state of Oklahoma to justify the exercise of personal jurisdiction over Defendant under 12 Okl.Stat.1971 § 187 or § 1701.03. An examination of the facts presently before the Court in this case reveals that the only contacts Defendant has had with Oklahoma is as a stockholder of a company (Case) that sold some of its products in Oklahoma and as the vendor of the patent and design of a machine which was manufactured and subsequently sold in Oklahoma by Case. It appears that at all times material to Plaintiff's cause of action, Defendant was a citizen of either Iowa or Nevada and that all acts concerning the development and patent of the "Uniloader" as well as Defendant's sale of the patent to Case occurred in a state other than Oklahoma. The record does not indicate that Defendant had anything to do with the actual manufacturing processes or the sale of the machine which injured Plaintiff. Likewise, there is no indication that Defendant purposefully availed himself of the privilege of conducting activities within Oklahoma or that he has ever been in Oklahoma personally or through an agent. Therefore, the Court finds and concludes that fair play and substantial justice require the denial of jurisdiction in the instant case. Accordingly, Plaintiff's Complaint should be dismissed without prejudice for lack of personal jurisdiction over Defendant and consideration of Defendant's Motion for Summary Judgment is unnecessary.

It is so ordered this 11th day of May, 1977.