ACME EQUIPMENT CO., INC., an Oklahoma Corporation, Plaintiff,

v.

METRO AUTO AUCTION OF KANSAS CITY, INC., a Missouri Corporation; and Wilson Enterprises, Inc., a Missouri Corporation, Defendants.

No. CIV–78–0804–D.

United States District Court, W. D. Oklahoma.

March 16, 1979.

Everett J. Sweeney, Norman, Okl., for plaintiff.

John D. Cheek, Oklahoma City, Okl., for defendant Metro.

No attorney for defendant Wilson Enterprises.

## ORDER

DAUGHERTY, Chief Judge.

This is an action brought by Plaintiff to recover actual and punitive damages for alleged misrepresentation and breach of warranty arising out of Plaintiff's purchase of an automobile from Defendant Wilson Enterprises, Inc. at an auction in Missouri conducted by Defendant Metro Auto Auction of Kansas City, Inc. (Metro). Plaintiff alleges that it is a duly licensed automobile dealer incorporated in Oklahoma and has its principal place of business in Norman, Oklahoma, while Defendant Wilson Enterprises, Inc. and Defendant Metro are Missouri corporations with their principal places of business in Missouri. It is asserted that the Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant Metro has filed herein a Motion to Dismiss for lack of *in personam* jurisdiction over said Defendant. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto. An evidentiary hearing in connection with Defendant Metro's Motion was held on February 8, 1979, as permitted by *Schramm v. Oakes*, 352 F.2d 143 (Tenth Cir. 1965).

In support of its Motion, Defendant Metro contends that it has had insufficient contacts with the State of Oklahoma for the Court to exercise jurisdiction over said Defendant under the Oklahoma long-arm statutes. Plaintiff argues in its Brief in opposition to Defendant Metro's Motion that the Court has jurisdiction over said Defendant because Defendant Metro has regularly solicited Plaintiff's business within the State of Oklahoma.

In a diversity case such as this, a federal district court must look to the law of the state wherein it sits to determine whether it has *in personam* jurisdiction over the defendant. *Doyn Aircraft, Inc. v. Wylie*, 443 F.2d 579 (Tenth Cir. 1971); *Standard Life and Accident Insurance Co. v. Western Finance, Inc.*, 436 F.Supp. 843 (W.D.Okl.1977); *Jem Engineering and Manufacturing, Inc. v. Toomer Electrical Co.*, 413 F.Supp. 481 (N.D.Okl.1976). Therefore, if *in personam* jurisdiction over the Defendant exists in this Court, it must be found in the authority of the pertinent Oklahoma statutes. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952); *Burchett v. Bardahl Oil Co.*, 470 F.2d 793 (Tenth Cir. 1972); *Standard Life and Accident Insurance Co. v. Western Finance, Inc., supra; Lyon v. Bonneson*, 451 F.Supp. 441 (W.D. Okl.1977); *Northwest Animal Hospital, Inc. v. Earnhardt*, 444 F.Supp. 10 (W.D.Okl. 1977); *Timberlake v. Summers*, 413 F.Supp. 708 (W.D.Okl.1976); *Garrett v. Levitz Furniture Corp.*, 356 F.Supp. 283 (N.D.Okl. 1973).

The burden is on Plaintiff to plead and prove the existence of jurisdiction when he seeks to invoke the jurisdiction of the Court. *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277 (Tenth Cir. 1969); 409 F.2d 1277 (Tenth Cir. 1969); *Lyon v. Bonneson, supra.* Accordingly, Plaintiff's attorney stated at the evidentiary hearing herein that he is relying on 12 Okl.Stat.1971 §§ 1701.03(a)(1) and (3) as giving the Court *in personam* jurisdiction over Defendant Metro. §§ 1701.03(a)(1) and (3) provides as follows:

"(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

. . . . .

(3) causing tortious injury in this state by an act or omission in this state; . . .."

12 Okl.Stat.Supp.1978 § 187 contains somewhat similar provisions. However, in order for the Court to exercise *in personam* jurisdiction over Defendant Metro under § 1701.03 or § 187 and satisfy the constitutional due process requirement, said Defendant must have had certain minimum contacts with the State of Oklahoma such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Northwest Animal Hospital, Inc. v. Earnhardt, supra.* Furthermore, in order for a nonresident defendant to be amenable to suit in an Oklahoma court under § 1701.03 or § 187, the acts alleged to give rise to the cause of action must be the same acts which provide the basis for the Oklahoma court's exercise of jurisdiction over the nonresident defendant. *George v. Strick Corp.*, 496 F.2d 10 (Tenth Cir. 1974); *Standard Life and Accident Insurance Co. v. Western Finance, Inc., supra; Longmire v. Sweeney & Bell, Inc.*, 418 F.Supp. 904 (W.D.Okl.1976); *Bruce v. Fairchild Industries, Inc.*, 413 F.Supp. 914 (W.D.Okl.1975); *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975); *Precision Polymers, Inc. v. Nelson*, 512 P.2d 811 (Okl.1973); *Crescent Corp. v. Martin*, 443 P.2d 111 (Okl. 1968).

▆▆▆ In determining the sufficiency of contacts between nonresident defendants and the State of Oklahoma so as to exercise in personam jurisdiction under the long-arm statutes, the Court is to consider the totality of contacts between the nonresident defendant and Oklahoma. *Standard Life and Accident Insurance Co. v. Western Finance, Inc., supra; Federal National Bank & Trust Co. of Shawnee v. Moon*, 412 F.Supp. 644 (W.D.Okl.1976); *Gregory v. Grove*, 547 P.2d 381 (Okl.1976); *Carmack v. Chemical Bank of New York Trust Co.*, 536 P.2d 897 (Okl. 1975); *Crescent Corp. v. Martin, supra.* In the instant case, evidence adduced at the evidentiary hearing, including the affidavit of Defendant Metro's president,[1] clearly establishes that the *sole* contact Defendant Metro had with Oklahoma was through the mailing of circulars announcing upcoming automobile auctions at Defendant Metro's place of business in Lee's Summit, Missouri. These circulars were mailed from Missouri to Plaintiff at Norman, Oklahoma, and usually contained a listing of automobiles to be sold at the next auction as well as a listing of automobiles sold and the prices paid for the same at the previous auction. As Defendant Metro had no other contacts with Oklahoma other than the foregoing, the Court is of the opinion that such contacts are insufficient in view of *International Shoe Co.* and its progeny to permit this Court to exercise *in personam* jurisdiction over Defendant Metro. Moreover, Plaintiff's cause of action did not arise from Defendant Metro's mailing of the circulars to Plaintiff. Plaintiff also argues that it was tortiously injured in Oklahoma by Defendant Metro's breach of an implied warranty of fitness covering the automobile Plaintiff purchased in Missouri at Defendant Metro's auction. In this connection, Plaintiff maintains that the tortious injury in Oklahoma required for jurisdiction under § 1701.03(a)(3) occurred when Plaintiff discovered the breach in Oklahoma after it brought the automobile to Norman rather than when the car was sold to Plaintiff in Missouri. However, a breach of an implied warranty of fitness occurs at the time of the sale rather than the time of the injury. 63 Am.Jur.2d *Products Liability* § 222 at 219 (1972); 1 Hursh and Bailey, *American Law of Products Liability 2d*, § 3.1 at 429 (1974); see 12A Okl.Stat.1971 § 2–725(2). Therefore, the alleged tortious injury relied on by Plaintiff as giving this Court *in personam* jurisdiction over Defendant Metro under § 1701.03 did not occur in Oklahoma.

---

1. Rule 12(d), Federal Rules of Civil Procedure, contemplates a preliminary hearing and determination of jurisdictional issues in advance of trial unless the court defers such action until the time of trial. *Schramm v. Oakes, supra.* As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court. *Gibbs v. Buck*, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111 (1939); *Sherman v. American Federation of Musicians*, 588 F.2d 1313 (Tenth Cir. 1978); *Schramm v. Oakes, supra; Walden v. Elrod*, 72 F.R.D. 5 (W.D.Okl.1974). The trial court may gather evidence on the question of jurisdiction by affidavits or otherwise to determine the facts as they exist and based upon the evidence so obtained, decide the jurisdictional dispute. *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 81 L.Ed. 183 (1936); *Schramm v. Oakes, supra; Walden v. Elrod, supra.* As the affidavit in question was determined to be relevant to the jurisdictional issue before the Court, the Court admitted the affidavit into evidence over the objections of Plaintiff.

In view of the foregoing, the Court finds and concludes that it lacks *in personam* jurisdiction over Defendant Metro. Accordingly, Defendant Metro's Motion to Dismiss should be granted and Plaintiff's action should be dismissed without prejudice as to Defendant Metro.