William H. HOSTER, Jr., Trustee of the William H. Hoster, Jr., Irrevocable Trust, d/b/a Hoster Steel, Plaintiff,

v.

MONONGAHELA STEEL CORPORATION, a Pennsylvania Corporation, Defendant.

No. CIV–80–159–D.

United States District Court, W. D. Oklahoma.

June 4, 1980.

Keith McMillin, Oklahoma City, Okl., for plaintiff.

James A. Kirk, Oklahoma City, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action originally brought in the Oklahoma County District Court and subsequently removed to this Court by the Defendant wherein Plaintiff seeks to recover damages allegedly incurred as a result of Defendant's breach of contract with Plaintiff for the sale of steel. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss and an Alternative Motion for Change of Venue, both of which· are sup-

ported by a Brief and affidavit. Plaintiff has filed Briefs in opposition to said Motions together with a supporting affidavit to which Defendant has replied. The Court will consider these Motions separately.

## MOTION TO DISMISS

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, the Defendant moves the Court to dismiss this action on the grounds of lack of in personam jurisdiction. In support of said Motion Defendant contends that its contacts with the State of Oklahoma are so minimal that for this Court to assert jurisdiction would offend traditional notions of fair play and justice. In this connection, Defendant alleges that it is a foreign corporation which has never done business in Oklahoma. Defendant further contends that although it did initiate a series of long distance calls to Plaintiff to negotiate the sale of steel to Plaintiff, said calls never went beyond the negotiation stage.

In his Brief in opposition to the instant Motion, Plaintiff asserts that Defendant initiated contract negotiations which led to an agreement wherein Defendant agreed to sell and Plaintiff agreed to purchase "Number 4" steel reinforcing bars. Plaintiff asserts that 14 separate telephone contacts were made by Defendant to Plaintiff in Oklahoma City; that Defendant's plant manager, Ben Dowty, made a personal visit to Oklahoma City to negotiate said contract; and that Defendant corresponded with Plaintiff on two occasions in Oklahoma City. Thus, Plaintiff maintains that Defendant has had adequate minimum contacts with Oklahoma to permit this Court to acquire in personam jurisdiction over Defendant.

As this action is founded upon diversity of citizenship, the Court must look to Oklahoma law for the basis of in personam jurisdiction over a nonresident defendant.[1]

---

1. Oklahoma has three statutes relevant to this action which grant personal jurisdiction over a nonresident corporation: 12 Okla.Stat.Supp. 1979 § 187, 12 Okla.Stat.1971, § 1701.03 and 18 Okla.Stat.1971 § 1.204a. *Roc, Inc. v. Progress Drillers, Inc.*, 481 F.Supp. 147 (W.D.Okl.1979); *Garrett v. Levitz Furniture Corp.*, 356 F.Supp. 283 (N.D.Okl.1973); see *ABC Drlg. Co. v. The Hughes Group*, 609 P.2d 763 (Okl.1980).

*Doyn Aircraft, Inc. v. Wylie,* 443 F.2d 579 (Tenth Cir. 1971); *Roc, Inc. v. Progress Drillers, Inc.,* 481 F.Supp. 147 (W.D.Okl. 1979); *CMI Corp. v. Costello Construction Co.,* 454 F.Supp. 497 (W.D.Okl.1977). Plaintiff asserts this Court has personal jurisdiction over Defendant pursuant to the Oklahoma "long arm" statutes, 12 Okla.Stat. Supp.1979 § 187 and 12 Okla.Stat.1971 § 1701.03.[2]

▮ For purposes of Rule 12(b)(2), *supra,* the burden of proof rests upon the party asserting the existence of personal jurisdiction. *Wilshire Oil Company of Texas v. Riffe,* 409 F.2d 1277 (Tenth Cir. 1969); *Radiation Researchers, Inc. v. Fischer Industries, Inc.,* 70 F.R.D. 561 (W.D.Okl.1976). This burden, however, is met by a prima facie showing that jurisdiction is conferred by the long-arm statutes. *Block Industries v. DHJ Industries, Inc.,* 495 F.2d 256 (Eighth Cir. 1974); *O'Hare International Bank v. Hampton,* 437 F.2d 1173 (Seventh Cir. 1971); *United States v. Montreal Trust Co.,* 358 F.2d 239 (Second Cir. 1966), *cert. denied,* 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966). The long-arm statutes in Oklahoma grant Oklahoma courts in personam jurisdiction over nonresidents who transact business in the state, limited only by minimum requirements of due process. *See Jem Engineering and Manufacturing, Inc. v. Toomer Electrical Co.,* 413 F.Supp. 481 (N.D.Okl.1976); *Vacu-Maid, Inc. v. Covington,* 530 P.2d 137 (Okl.App.1974).

▮ Due process requires that in order to subject a nonresident defendant to in personam jurisdiction of a forum state, that said defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Worldwide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus reaping the benefit and protection of its laws. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

▮ The Oklahoma long-arm statutes have been construed as intending to extend the jurisdiction of the Oklahoma courts to the outer limits permitted by the United States Constitution. *Timberlake v. Summers,* 413 F.Supp. 708 (W.D.Okl.1976); *Radiation Researchers, Inc. v. Fischer Industries, Inc., supra* ; *Fields v. Volkswagen of America, Inc.,* 555 P.2d 48 (Okl.1976). However, in order for a nonresident defendant to be amenable to suit in Oklahoma under the Oklahoma long-arm statutes, the cause of action must arise out of the same acts which provide the basis for the Oklahoma court's exercise of in personam jurisdiction. *George v. Strick Corp.,* 496 F.2d 10 (Tenth Cir. 1974); *Roberts v. Jack Richards Aircraft Co.,* 536 P.2d 353 (Okl.1975); *Crescent Corp. v. Martin,* 443 P.2d 111 (Okl.1968).

▮ In determining the sufficiency of contacts between nonresident defendants

2. In pertinent part 12 Okla.Stat.Supp.1979 § 187 provides:

(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(1) the transaction of any business within this STATE;

(2) the commission of any act within this State;

(3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE; .

The second so-called "long-arm" statute, 12 Okla.Stat.1971 § 1701.03, provides in part as follows:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

(2) contracting to supply services or things in this state; . . .

and the state of Oklahoma so as to exercise in personam jurisdiction under the long-arm statutes, the Court is to consider the totality of contacts between the nonresident defendant and the state. *Lyon v. Bonneson*, 451 F.Supp. 441 (W.D.Okl.1977); *Northwest Animal Hospital, Inc. v. Earnhardt*, 444 F.Supp. 10 (W.D.Okl.1977); *Gregory v. Grove*, 547 P.2d 381 (Okl.1976). Such contacts may include such things as phone conversations or letters to parties in this state from the nonresident defendant. *Gregory v. Grove, supra.* If a foreign corporation voluntarily elects to act within this state whether directly or indirectly it should be answerable in Oklahoma courts. *B. K. Sweeney Co. v. Colorado Interstate Gas Co.*, 429 P.2d 759 (Okl.1967); *Marathon Battery Co. v. Kilpatrick*, 418 P.2d 900 (Okl.1965).

■ In the instant case Plaintiff has made a prima facie showing that this Court has in personam jurisdiction over Defendant under 12 Okla.Stat.Supp.1979 § 187 and 12 Okla.Stat.1971 § 1701.03. Both parties agree that Defendant made several telephone calls to Plaintiff and corresponded with Plaintiff in Oklahoma City to negotiate the sale of "Number 4" steel bars to Plaintiff. The initial contact was made by Defendant to Plaintiff by long distance to Oklahoma City. Plaintiff asserts that Defendant entered into a contract with Plaintiff to supply Plaintiff in this state with steel bars. This alleged contract, which Plaintiff claims arose out of the negotiations initiated by Defendant discussed above, is both the subject matter of the instant action and the basis of claimed in personam jurisdiction over Defendant. Defendant has denied the existence of a contract with Plaintiff but acknowledges that the negotiations took place as Plaintiff has described.

Considering the totality of contacts Defendant has with Oklahoma and the fact that Defendant voluntarily elected to negotiate a contract with Plaintiff in this state by initially contacting Plaintiff, the Court concludes that there are sufficient contacts as to constitute a basis for this Court's exercise of in personam jurisdiction over Defendant consistent with the due process requirements of the United States Constitution. Accordingly, Defendants' Motion to Dismiss for lack of in personam jurisdiction should be overruled subject to being reconsidered upon request at the trial herein.

## MOTION TO TRANSFER

Pursuant to 28 U.S.C. § 1404(a), Defendant moves to have this matter transferred to the United States District Court for Pennsylvania. In support of its Motion, Defendant has submitted an affidavit contending that four of its witnesses reside in Pennsylvania. Plaintiff has countered with an affidavit stating that one of Defendant's four witnesses, Ben Dowty, actually resides in Oklahoma City. Plaintiff's affidavit details Dowty's expected testimony and explains how his testimony is essential to Plaintiff's case. Furthermore, Plaintiff states that Dowty is unwilling to return to Pennsylvania to testify.

■ The transfer of pending civil cases from one district to another is governed by 28 U.S.C. § 1404(a), which provides:

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); *Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

■ A transfer under § 1404(a) lies within the discretion of the trial court. *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co.*, 467 F.2d 662 (Tenth Cir. 1972); *Metropolitan Paving Co. v. International Union of Operating Engineers*, 439 F.2d 300 (Tenth Cir. 1971), *cert. denied*, 404 U.S. 829, 92 S.Ct. 68, 30 L.Ed.2d 58 (1971); *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145 (Tenth Cir. 1967); *Houston Fearless Corp. v. Teter*, 318 F.2d 822 (Tenth Cir.

1963). The burden of establishing that a case should be transferred is on the movant and unless the evidence and circumstances of the case are strongly in favor of the transfer, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Wm. A. Smith Contracting Co. v. Travelers Indemnity Co., supra*; *Texas Gulf Sulphur Co. v. Ritter, supra*; *Houston Fearless Corp. v. Teter, supra.*

The initial concern of the Court in a § 1404(a) proceeding is whether the action might have been brought in the first instance in the transferee district. *See Continental Grain Co. v. Barge FBL–585, supra*; *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). As it is not disputed in this case that Defendant operates its business located within the District of Pennsylvania, Defendant is obviously doing business within said District. Therefore, Defendant is a resident of the District of Pennsylvania under 28 U.S.C. § 1391(c) and this action could have been brought in said district under 28 U.S.C. § 1391(a).

▉ The first factor under § 1404(a) that the Court must consider is the convenience of the parties. A large measure of deference is due the Plaintiff's freedom to select his forum and significant weight should be given such choice in considering the transfer of the case to another district. *See Shutte v. Armco Steel Corp.,* 431 F.2d 22 (Third Cir. 1970), *cert. denied,* 401 U.S. 910, 91 S.Ct. 871, 27 L.Ed.2d 808 (1971); *A. Olinick & Sons v. Dempster Brothers, Inc.,* 365 F.2d 439 (Second Cir. 1966). However, where a transfer would merely shift the inconvenience from one to the other or where the balance is only slightly in favor of the moving party, a transfer should be denied. *See Paul Allison, Inc. v. Minikin Storage of Omaha,* 436 F.Supp. 444 (W.D. Okl.1976). In the instant action the inconvenience is as burdensome on one party as on the other.

The second factor under § 1404(a) is the convenience of the witnesses. Defendant and Plaintiff have each submitted affidavits on this point. Defendant's affidavit is insufficient to carry its burden to show inconvenience, as it only contains conclusory statements of inconvenience and does not set out the expected testimony of the proposed witness so as to enable the trial court to pass on the materiality of such proposed testimony. *See Texas Gulf Sulphur Co. v. Ritter, supra*; *Roc, Inc. v. Progress Drillers, Inc., supra*; *Bussey v. Safeway Stores, Inc.,* 437 F.Supp. 41 (E.D.Okl.1977); *Myers v. Pan American World Airways, Inc.,* 388 F.Supp. 1024 (D.Puerto Rico 1974); *Riso Kagaku Corp. v. A. B. Dick Co.,* 300 F.Supp. 1007 (S.D.N.Y.1969); *Aamco Automatic Transmissions, Inc. v. Hagenbarth,* 296 F.Supp. 1142 (E.D.Pa.1968). In the instant case, Defendant merely sets out in its affidavit that four of its prospective witnesses reside in Pennsylvania. Defendant has not given the Court any clue as to what their testimony will be and whether or not it is relevant. Defendant has not shown that said witnesses refuse to come to Oklahoma to prosecute this action, and Defendant is apparently in error about the residence of Dowty who, according to Plaintiff, presently resides in Oklahoma City, Oklahoma.

▉ The third factor under 28 U.S.C. § 1404(a) is the interest of justice. Under this standard, there should be considered the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling witnesses, the cost of obtaining attendance of willing witnesses, and all other practical problems that make trial of a case easy, expeditious and inexpensive. *Roc, Inc. v. Progress Drillers, Inc., supra*; *Crossroads State Bank v. Savage,* 436 F.Supp. 743 (W.D.Okl.1977); *see Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Chicago, Rock Island and Pacific Railroad Co. v. Igoe,* 220 F.2d 299 (Seventh Cir. 1955), *cert. denied,* 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1955). From the record before it, the Court is not persuaded that the interest of justice favor the transfer of this action to Pennsylvania.

▉ In view of the foregoing application of the triple standard of 28 U.S.C. § 1404(a), *i. e.,* the convenience of parties,

convenience of witnesses, and the interest of justice, the Court finds and concludes that Defendant has failed to carry its burden of establishing that the instant case should be transferred to Pennsylvania. Therefore, the Plaintiff's choice of forum will not be disturbed, and Defendant's Alternative Motion to Transfer should be overruled. Accordingly, Defendant is directed to answer Plaintiff's Petition (Complaint) within twenty (20) days of this date.