**ALL AMERICAN CAR WASH, INC., an Oklahoma corporation, the General Partner in All American Car Wash, an Oklahoma Limited Partnership; and Carl R. Smith, individually, Plaintiffs,**

v.

**NATIONAL PRIDE EQUIPMENT, INC., a Texas corporation, the General Partner in Oklahoma City National Pride, an Oklahoma Limited Partnership; National Pride Equipment, Inc., a Texas corporation; and Steven A. Hirsh, individually. Defendants.**

**No. CIV–80–087–D.**

United States District Court,
W.D. Oklahoma.

March 31, 1981.

---

Edward L. Ray, C. William Threlkeld and M.C. Kratz, Jr., Oklahoma City, Okl., for plaintiffs.

George D. Davis, A.P. Murrah, Jr. and John F. Fischer, Oklahoma City, Okl., for defendants National Pride and Hirsh.

Kenneth N. McKinney, Oklahoma City, Okl., for defendant Oklahoma City National Pride.

## ORDER

DAUGHERTY, District Judge.

This is an action for a permanent injunction and for actual and punitive damages arising out of Defendants' alleged unfair business practices. This action was originally brought in the District Court of Oklahoma County, Oklahoma, and removed to this Court pursuant to 28 U.S.C. § 1442. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Pursuant to Rule 12(b)(2), Federal Rules of Civil Procedure, Defendant Steven A. Hirsh (Hirsh) has filed a Motion to Quash Service of Summons and Dismiss for Lack of Jurisdiction over the Person. Said Motion is supported by a Brief and an affidavit and Plaintiffs have filed a Brief in response thereto. In support of said Motion Defendant Hirsh contends that he has had insufficient contacts with the State of Oklahoma for him to be constitutionally amenable to process in this action as a defendant. In this connection, Defendant Hirsh has filed an affidavit which states that he has not transacted any business in Oklahoma, except to the extent he may have done so in his capacity as an employee of Defendant National Pride Equipment, Inc. (National).

In their Brief in opposition to the instant Motion, Plaintiffs assert that Defendant Hirsh, as Chairman of the Board of National, had the ultimate authority over what was done in Oklahoma City; that Defendant Hirsh came to Oklahoma City four to six times a year in his capacity as Chairman of the Board; that Defendant Hirsh visited Plaintiffs' facility in the summer of 1979; that Defendant Hirsh ordered the price at National's car wash near Plaintiffs' facility be lowered from twenty-five cents to ten cents per wash cycle; and that Defendant Hirsh ordered said price reduction remain in effect until the first of 1980. Plaintiffs further contend that Defendant Hirsh's actions are sufficient to make him personally liable to Plaintiffs and therefore are sufficient to confer in personam jurisdiction over Hirsh.

As this action is founded upon diversity of citizenship, the Court must look to Oklahoma law for the basis of in personam jurisdiction over a nonresident defendant. *Doyn Aircraft, Inc. v. Wylie,* 443 F.2d 579 (10th Cir.1971); *Roc, Inc. v. Progress Drillers, Inc.,* 481 F.Supp. 147 (W.D.Okl.1979); *CMI Corp. v. Costello Construction Co.,* 454 F.Supp. 497 (W.D.Okl.1977). Plaintiff asserts this Court has personal jurisdiction over Defendant pursuant to the Oklahoma "long-arm" statutes, 12 Okl.Stat.Supp.1980 § 187 and 12 Okl.Stat.1971 § 1701.03.[1]

1. In pertinent part 12 Okl.Stat.Supp.1980 § 187 provides:

(a) Any person, firm, or corporation other than a foreign insurer licensed to do business in the State of Oklahoma whether or not such party is a citizen or resident of this State and who does, or who has done, any of the acts hereinafter enumerated, whether in person or through another, submits himself, or shall have submitted himself, and if an individual his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising, or which shall have arisen, from the doings of any of said acts:

(1) the transaction of any business within this STATE;

(2) the commission of any act within this STATE;

(3) the manufacture or distribution of a product which is sold in the regular course of business within this STATE and is used within this STATE; ....

The second so-called "long-arm" statute, 12 Okl.Stat.1971 § 1701.03, provides in part as follows:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action or claim for relief arising from the person's:

(1) transacting any business in this state;

For purposes of Rule 12(b)(2), *supra*, the burden of proof rests upon the party asserting the existence of personal jurisdiction. *Wilshire Oil Company of Texas v. Riffe*, 409 F.2d 1277 (10th Cir.1969); *Radiation Researchers, Inc. v. Fischer Industries, Inc.*, 70 F.R.D. 561 (W.D.Okl.1976). This burden, however, is met by a prima facie showing that jurisdiction is conferred by the long-arm statutes. *Block Industries v. DHJ Industries, Inc.*, 495 F.2d 256 (8th Cir. 1974); *O'Hare International Bank v. Hampton*, 437 F.2d 1173 (7th Cir.1971); *United States v. Montreal Trust Co.*, 358 F.2d 239 (2nd Cir.1966), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966). The long-arm statutes in Oklahoma grant Oklahoma courts in personam jurisdiction over nonresidents who transact business in the state, limited only by minimum requirements of due process. *See Jem Engineering and Manufacturing, Inc. v. Toomer Electrical Co.*, 413 F.Supp. 481 (N.D.Okl.1976); *Vacu-Maid, Inc. v. Covington*, 530 P.2d 137 (Okl. App.1974).

Due process requires that in order to subject a nonresident defendant to in personam jurisdiction of a forum state, that said defendant have certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). It is essential that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus reaping the benefit and protection of its laws. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

The Oklahoma long-arm statutes have been construed as intending to extend the jurisdiction of the Oklahoma courts to the outer limits permitted by the United States Constitution. *Timberlake v. Summers*, 413 F.Supp. 708 (W.D.Okl.1976); *Radiation Researchers, Inc. v. Fischer Indus-*

tries, Inc., supra; *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okl.1976). However, in order for a nonresident defendant to be amenable to suit in Oklahoma under the Oklahoma long-arm statutes, the cause of action must arise out of the same acts which provide the basis for the Oklahoma court's exercise of in personam jurisdiction. *George v. Strick Corp.*, 496 F.2d 10 (10th Cir.1974); *Roberts v. Jack Richards Aircraft Co.*, 536 P.2d 353 (Okl.1975); *Crescent Corp. v. Martin*, 443 P.2d 111 (Okl.1968).

In determining the sufficiency of contacts between nonresident defendants and the state of Oklahoma so as to exercise in personam jurisdiction under the long-arm statutes, the Court is to consider the totality of contacts between the nonresident defendant and the state. *Lyon v. Bonneson*, 451 F.Supp. 441 (W.D.Okl.1977); *Northwest Animal Hospital, Inc. v. Earnhardt*, 444 F.Supp. 10 (W.D.Okl.1977); *Gregory v. Grove*, 547 P.2d 381 (Okl.1976). If a foreign corporation or an individual voluntarily elects to act within this State, whether directly or indirectly, he should be answerable in Oklahoma courts. *See B.K. Sweeney Co. v. Colorado Interstate Gas Co.*, 429 P.2d 759 (Okl.1967); *Marathon Battery Co. v. Kilpatrick*, 418 P.2d 900 (Okl.1965).

Corporate officers are personally liable for alleged tortious conduct of the corporation if they personally took part in the commission of the tort or if they specifically directed officers, agents or employees of the corporation to commit such acts. *Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229 (E.D.Pa.1979); *see also United States Fidelity and Guaranty Company v. Sidwell*, 525 F.2d 472 (10th Cir.1975). Contacts sufficient to support personal liability of a corporate officer are sufficient to support in personam jurisdiction. *Donner v. Tams-Witmark Music Library, Inc., supra.*

In the instant case, Plaintiffs have made a prima facie showing that this Court has in personam jurisdiction over Defend-

(2) contracting to supply services or things in this state; . . . .

ant Hirsh under 12 Okl.Stat.Supp.1980 § 187 and 12 Okl.Stat.1971 § 1701.03. Defendant Hirsh made numerous trips to Oklahoma in connection with National's lowering of its price per wash cycle which is the main complaint of Plaintiffs. Hirsh's actions, if proved, may be sufficient to hold him personally liable for the alleged torts committed by National.

Considering the totality of contacts Defendant Hirsh has with Oklahoma, the Court finds and concludes that there are sufficient contacts so as to constitute a basis for this Court's exercise of in personam jurisdiction over Defendant Hirsh consistent with the due process requirements of the United States Constitution. Accordingly, Defendant Hirsh's Motion to Quash Summons and Dismiss For Lack of Jurisdiction over the Person should be overruled without prejudice to its being reconsidered at the trial of this matter. Defendant Hirsh is directed to answer Plaintiffs' Amended Complaint within 15 days of this date.